IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SHOES BY FIREBUG L.L.C. | § | |
| | § | |
| *Plaintiff*, | § | |
| vs. | § | |
| | § | Case No. 6:21-cv-1186_____ |
| DSW INC. and DESIGNER BRANDS INC. | § | |
| | § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Shoes By Firebug L.L.C. ("Firebug") brings this action against defendants DSW Inc. and Designer Brands Inc. (collectively "DSW"), and alleges:

**NATURE OF THE ACTION**

1.      This is an action for infringement of U.S. Patent Nos. 8,327,561 ("the '561 patent"), 9,015,965 ("the '965 patent") and 9,265,299 ("the '299 patent") (collectively "the patents-in-suit") based upon illuminated rain boots sold by DSW.  DSW is a well-known retailer that does business in Waco Texas, the Western District of Texas and throughout the United States as "DSW."

2.      DSW's infringement of at least the '561 and '965 patents has been willful.  On January 29, 2016, Firebug, by and through its then attorney Mei & Mark notified DSW of structurally identical rain boot products being sold by DSW that infringed the '561 and '965 patents.  Given the issuance date of February 23, 2016 of the '299 patent, DSW was not notified of the '299 patent in the January 29, 2016 letter.  Firebug discovered on or about September 25, 2018 that DSW was once again selling structurally identical rain boot products infringing the patents-in-suit.

**THE PARTIES**

3.      Firebug is a limited liability company organized and existing under the laws of the

State of Texas, with an address at 111 Mayfair Ct., Sugar Land, Texas 77478.

4.      On information and belief, DSW Inc. is a corporation organized and existing under the laws of the State of Ohio, and designated as "in existence" by the Texas Secretary of State records, with its principal place of business located at 3241 Westerville Rd. Columbus, OH 43224, and operating numerous locations within this District, including 4633 S. Jack Kultgen Expressway, Unit 105, Waco Texas 76711. DSW Inc.'s designated registered agent for purposes of service of process in Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. DSW is doing business and has engaged in acts of alleged patent infringement within this judicial district.

5.      On information and belief, Designer Brands Inc., formerly known as DSW Inc., is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 810 DSW Drive, Columbus, Ohio, 43219, and operating numerous locations within this District, including 4633 S. Jack Kultgen Expressway, Unit 105, Waco Texas 76711. Designer Brands Inc. has designated its registered agent for purposes of service of process in Ohio as Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio, 43215. Designer Brands Inc. is doing business in this district, and, at least formerly as DWS Inc., has engaged in acts of patent infringement within this district.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

7.      Subject-matter jurisdiction over Firebug's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

8.      On information and belief, DSW has solicited business in the State of Texas and this

district, transacted business within the State of Texas and this district, and attempted to derive financial benefit from residents of the State of Texas and this district, including benefits directly related to the instant patent infringement causes of action set forth herein.

9.      On information and belief, DSW has placed its allegedly infringing rain boots into the stream of commerce throughout the United States with the expectation that such products would be sold to and used by consumers in this judicial district.

10.     On information and belief, DSW conducts business in this district, the claims alleged herein have arisen in this district, it has established places of business in this district, and alleged acts of infringement have taken place and may continue to take place in this district.

11.     On information and belief, DSW is subject to this Court's general and specific personal jurisdiction for at least any one of the following reasons: DSW has sufficient minimum contacts within the State of Texas and this district, pursuant to due process and/or the State of Texas Long Arm Statute; DSW purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; DSW regularly conducts and solicits business within the State of Texas and within this district; the causes of action against DSW arise directly from DSW's business contacts and other activities in the State of Texas and this district, and this Court has personal jurisdiction over DSW because it has purposely availed itself of the privileges and benefits of the laws of the State of Texas.

12.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b). DSW has a regular and established place of business in this district and has committed acts of infringement in this district at least by selling and/or offering to sell the alleged infringing rain boots in this district.

BACKGROUND

13.     Firebug is in the business of designing and commercializing footwear, including footwear that embodies light technologies.

14.     Firebug's president, Roy Robert Smith III (Trae), has 40 years of experience in the footwear industry and filed his first patent involving footwear with light technology in 2009. Since 2009 Smith has been granted and or allowed nine utility patents, all of which involve footwear with light technologies. Smith continues to make advancements in the art and continues to file additional patent applications.

15.     This is not the first dispute between Firebug and DSW involving the patents- in-suit. DSW is aware of Firebug's patent rights, including being aware of and knowledgeable of at least two of the patents-in-suit, and of Firebug's belief that boots having the structure included in the accused rain boots infringe at least two of the patents-in-suit.

16.     Firebug, either directly or by and through its licensee(s), has offered to sell to DSW Firebug's rain boots covered by the patents-in-suit.  However, DSW at all times declined to purchase such rain boots from Firebug or its licensees, or take a license under the patents-in-suit.

17.     Rather than buying rain boots from Firebug or take a license from Firebug, DSW began purchasing, importing, offering for sale, and selling knock-off footwear that infringed the patents-in-suit.

18.     By letter dated January 29, 2016 directed to DSW's General Counsel, Firebug notified DWS of  Firebug's '965 and '561 patents and that DWS was infringing the '965 and '561 patents.  A true and correct copy of the January 29, 2016 letter is attached as Exhibit A.

19.     DSW is and has been well aware of one or more of the patents-in-suit, and has been on notice that rain boots having the structure of the rain boots accused herein infringed one or more of the patents-in-suit since early 2016.

20.     On September 25, 2018, Firebug discovered additional infringing products being imported, offered for sale, and sold, by DSW, by way of example, more specifically the Max + Jake, UPC 887283008097 item number 7088842 and Olive & Eddie, UPC 887283007779 item number

7079767, DSW rain boots illustrated below.

21.     Despite having knowledge of at least the '561 and '965 patents and Firebug's belief that certain boots as set forth in the January 29, 2016 letter infringed Firebug's patents, DWS imported, offered to sell and/or sold the boots identified in Counts I-III below.

## COUNT I
### PATENT INFRINGEMENT
### U.S. PATENT NO. 8,327,561

22.     Firebug repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

23.     On December 11, 2012, U.S. Patent No. 8,327,561 ("the '561 patent"), entitled "Footwear For Refracting Light From An Internal Source" and naming Roy Robert Smith, III as inventor, a true and correct copy of which is attached hereto as Exhibit B, was duly and legally issued by the United States Patent and Trademark Office. Firebug is the owner of all rights, title and interest in and to the '561 patent, including the right to sue for and recover all past, present and future damages for infringement of the '561 patent.

24.     The '561 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

25.     Firebug has at all relevant times complied with the marking provisions of 35 U.S.C § 287 regarding the '561 patent.

26.     Upon information and belief, DSW has in the past and may continue to directly and/or indirectly infringe the '561 patent, literally and/or under the doctrine of equivalents, in this judicial district and elsewhere throughout the United States without the consent or authorization of Firebug by making, using, selling, offering to sell and/or importing into the United States, and/or causing others to use, sell, offer to sell, and/or import footwear products that are covered by at least claim 6 of the '561 patent, including but not limited to DSW's product known as Max + Jake, item number

7088842 and Olive & Eddie, item number 7079767, and any other similar products (hereinafter referred to as "Accused Products"). DSW is liable for infringement of the '561 patent pursuant to 35 U.S.C. § 271.

27.    The Accused Products are footwear for refracting light from an internal source.  By way of example, the Accused Product depicted below is a footwear for refracting light from an internal source further comprising a translucent enclosure that comprises a shoe base.



28.    The Accused Products further comprise an insole. By way of example only, the Accused Product depicted below comprises an insole.



insole

29.     The Accused Products further comprise a plurality of refractive boundary sections. By way of example only, the Accused Product depicted below comprises a plurality of refractive boundary sections.



boundary sections

30.     The Accused Products further comprise the plurality of refractive boundary sections being formed by a plurality of cavities. By way of example only, the Accused Product depicted

below comprises a plurality of refractive boundary sections being formed by a plurality of cavities.



**31.** The plurality of cavities of the Accused Products comprises a boundary material and an external surface. By way of example only, the Accused Product depicted below comprises the plurality of cavities comprising a boundary material and an external surface.

boundary material and external surface



32.     The shoe base of the Accused Products comprise an electrical housing and a power source. By way of example only, the Accused Product depicted below comprises the shoe base comprising an electrical housing and a power source.

electrical housing          power source



33.    The Accused Products further comprise the electrical housing being recessed into the shoe base. By way of example only, the Accused Product depicted below comprises the electrical housing being recessed into the shoe base.



recessed electrical housing

34.    The Accused Products further comprise the power source being positioned in the electrical housing. By way of example only, the Accused Product depicted below comprises the power source being positioned in the electrical housing.



power source    electrical housing

35.    The Accused Products further comprise the insole being attached to the shoe base, wherein the insole covers the shoe base and the electrical housing. By way of example only, the Accused Product depicted below comprises the insole being attached to the shoe base, wherein the insole covers the shoe base and the electrical housing

insole



36.    The Accused Products further comprise at least one light source. By way of example only, the Accused Product depicted below comprises at least one light source.

light source



37.     The Accused Products further comprise the plurality of refractive boundary sections being positioned along the translucent enclosure. By way of example only, the Accused Product depicted below comprises the plurality of refractive boundary sections being positioned along the translucent enclosure.



38.     The Accused Products further comprise the plurality of cavities traversing into the translucent enclosure at the plurality of refractive boundary sections.  By way of example only, the Accused Product depicted below comprises the plurality of cavities traversing into the translucent enclosure at the plurality of refractive boundary sections.

cavities



**39.** The Accused Products further comprise the light source being connected to the power source; and the light source being connected to the shoe base, wherein the light source illuminates the shoe base and the translucent enclosure. By way of example only, the Accused Product depicted below comprises the light source being connected to the power source; and the light source being connected to the shoe base, wherein the light source illuminates the shoe base and the translucent enclosure.

shoe base        translucent enclosure



illuminated shoe base and translucent enclosure



40.     DSW has had knowledge of the '561 patent and of certain products asserted to infringe the '561 patent since at least as early as January 2016, when Firebug notified DSW of its infringement of Firebug's '561 patent.

41.     DSW's acts of infringement of Firebug's '561 patent with knowledge of the '561 patent have been egregious, willful and/or intentional.

42.     Firebug has suffered and is suffering damages as a result of DSW's willful and wrongful acts in an amount yet to be determined.  DSW is liable to Firebug in an amount that adequately compensates Firebug for DSW's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43.     As a consequence of the infringement complained of herein, Firebug has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless DSW is enjoined by this Court from committing further acts of infringement.

COUNT II PATENT
INFRINGEMENT U.S.
PATENT NO. 9,015,965

**44.**    Firebug repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

**45.**    On April 28, 2015, U.S. Patent No. 9,015,965 ("the '965 patent"), entitled "Internally Illuminated Footwear Component" and naming Roy Robert Smith, III as inventor, a true and correct copy of which is attached hereto as Exhibit C, was duly and legally issued by the United States Patent and Trademark Office. Firebug is the owner of all right, title and interest in and to the '965 patent, including the right to sue for and recover all past, present and future damages for infringement of the '965 patent.

**46.**    The '965 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**47.**    Firebug has, at all relevant times, complied with the marking provisions of 35 U.S.C. § 287 regarding the '965 patent.

**48.**    Upon information and belief, DSW has in the past and may continue to directly and/or indirectly infringe the '965 patent, literally and/or under the doctrine of equivalents, in this judicial district and elsewhere throughout the United States without the consent or authorization of Firebug by making, using, selling, offering to sell and/or importing into the United States, and/or causing others to use, sell, offer to sell, and/or import footwear products that are covered by at least claim 1 of the '965 patent, including but not limited to DSW's product known as Max + Jake, item number 7088842 and Olive & Eddie, item number 7079767, and any other similar products, hereinafter referred to as "Accused Products". DSW is liable for infringement of the '965 patent pursuant to 35 U.S.C. § 271.

**49.**    The Accused Products are an internally illuminated footwear component comprising

a sole section.   By way of example only, the Accused Product depicted below is an internally

illuminated footwear component comprising a sole section.



sole section

50.    The Accused Products further comprise the sole section that comprises a translucent

midsole and a translucent outsole. By way of example only, the Accused Product depicted below

comprises the sole section that comprises a translucent midsole and a translucent outsole.



translucent midsole          translucent outsole



translucent outsole

51.     The Accused Products further comprise the translucent midsole and the translucent outsole being integrally molded to form a translucent sole section. By way of example only, the Accused Product depicted below comprises the translucent midsole and the translucent outsole being integrally molded to form a translucent sole section.

translucent sole section



52.     The Accused Products further comprise the sole section that comprises a translucent tread pattern along a bottom surface.  By way of example only, the Accused Product depicted below comprises the sole section that comprises a translucent tread pattern along a bottom surface.



bottom surface          tread pattern

53.     The Accused Products further comprise an illumination system.  By way of example only, the Accused Product depicted below comprises an illumination system.



illumination system

54.    The Accused Products further comprise the illumination system that comprises a power source, a plurality of electrical wires, and a plurality of illumination sources. By way of example only, the Accused Product depicted below comprises the illumination system that comprises a power source, a plurality of electrical wires, and a plurality of illumination sources.



power source          electric wires          illumination sources

55.    The Accused Products further comprises an illumination housing. By way of example only, the Accused Product depicted below comprises an illumination housing.



illumination housing

56.     The Accused Products further comprise a power source being electrically connected to the plurality of illumination sources by electrical wires. By way of example only, the Accused Product depicted below comprise a power source being electrically connected to the plurality of illumination sources by electrical wires.

power sources          electrical wires



illumination sources



57.    The Accused Products further comprise the illumination housing being positioned internally within the sole section. By way of example only, the Accused Product depicted below comprise the illumination housing being positioned internally within the sole section.



illumination housing

58.    The Accused Products further comprise the illumination system being located within the illumination housing, wherein the plurality of illumination sources internally illuminates the sole section and translucent tread pattern.   By way of example only, the Accused Product depicted below comprise the illumination system being located within the illumination housing, wherein the

plurality of illumination sources internally illuminates the sole section and translucent tread pattern.

illumination system



illumination sources



**59.**   The Accused Products further comprise the illumination system being permanently encapsulated internally within the sole section.   By way of example only, the Accused Product depicted below comprise the illumination system being permanently encapsulated internally within the sole section.

illumination system



**60.**   DSW has had knowledge of the '965 patent and of certain products asserted to infringe the '965 patent since at least as early as January 2016, when Firebug notified DSW of its infringement of Firebug's '965 patent.

**61.**   DSW acts of infringement of Firebug's '965 patent with knowledge of the '965 patent have been egregious, willful and/or intentional.

**62.**   Firebug has suffered and is suffering damages as a result of DSW's willful and wrongful acts in an amount yet to be determined.   DSW is liable to Firebug in an amount that

adequately compensates Firebug for DSW's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

63.     As a consequence of the infringement complained of herein, Firebug has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless DSW is enjoined by this Court from committing further acts of infringement.

## COUNT III PATENT INFRINGEMENT U.S. PATENT NO. 9,265,299

64.     Firebug repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

65.     On February 23, 2016, U.S. Patent No. 9,265,299 ("the '299 patent"), entitled "Internally Illuminated Footwear Component" and naming Roy Robert Smith, III as inventor, a true and correct copy of which is attached hereto as Exhibit D, was duly and legally issued by the United States Patent and Trademark Office. Firebug is the owner of all right, title and interest in and to the '299 patent, including the right to sue for and recover all past, present and future damages for infringement of the '299 patent.

66.     The '299 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

67.     Firebug has, at all relevant times, complied with the marking provisions of 35 U.S.C. § 287 regarding the '299 patent.

68.     Upon information and belief, DSW has in the past and may continue to directly and/or indirectly infringe the '299 patent, literally and/or under the doctrine of equivalents,  in this judicial district and elsewhere throughout the United States without the consent or authorization of Firebug by making, using, selling, offering to sell and/or importing into the United States, and/or causing

others to use, sell, offer to sell, and/or import footwear products that are covered by at least claim 1 of the '299 patent, including but not limited to DSW's product known as Max + Jake, item number 7088842 and Olive & Eddie, item number 7079767, and any other similar products, hereinafter referred to as "Accused Products". DSW is liable for infringement of the '299 patent pursuant to 35 U.S.C. § 271.

69.     The Accused Products are an internally illuminated footwear component comprising a translucent sole section.  By way of example only, the Accused Product depicted below comprises a translucent sole section.



translucent sole section

70.     The Accused Products further comprise a translucent upper.  By way of example only, the Accused Product depicted below comprises a translucent upper.



translucent
upper

71.    The Accused Products further comprise the translucent sole section comprising a translucent midsole and a translucent outsole.  By way of example only, the Accused Product depicted below comprises the translucent sole section comprising a translucent midsole and a translucent outsole.



translucent midsole            translucent outsole



translucent outsole

72.    The Accused Products further comprise the translucent midsole, the translucent outsole, and the translucent upper being integrally molded to form a translucent footwear.  By way of example only, the Accused Product depicted below comprises the translucent midsole, the translucent outsole, and the translucent upper being integrally molded to form a translucent footwear.



integrally molded translucent footwear

73.    The Accused Products further comprise the translucent sole section comprising a translucent tread pattern along a bottom surface.  By way of example only, the Accused Product depicted below comprises the translucent sole section comprising a translucent tread pattern along a bottom surface.



bottom surface        tread pattern

74.     The Accused Products further comprise an illumination system.  By way of example

only, the Accused Product depicted below comprises an illumination system.



illumination
system

75.     The Accused Products further comprise the illumination system comprising a power source, a plurality of electrical wires, and a plurality of illumination sources.  By way of example only, the Accused Product depicted below comprises the illumination system comprising a power source, a plurality of electrical wires, and a plurality of illumination sources.



76.     The Accused Products further comprise an illumination housing.  By way of example only, the Accused Product depicted below comprises an illumination housing.



77.     The Accused Products further comprise the power source being electrically connected to the plurality of illumination sources.  By way of example only, the Accused Product depicted below comprises the power source being electrically connected to the plurality of illumination sources.



78.     The Accused Products further comprise the illumination housing being positioned internally within the translucent sole section.  By way of example only, the Accused Product depicted below comprises the illumination housing being positioned internally within the translucent sole section.



illumination housing

79.    The Accused Products further comprise the illumination system being located within the illumination housing, wherein the plurality of illumination sources internally illuminates the translucent sole section and the translucent upper.  By way of example only, the Accused Product depicted below comprises the illumination system being located within the illumination housing, wherein the plurality of illumination sources internally illuminates the translucent sole section and the translucent upper.

illumination system



Complaint for Patent Infringement                                                                                      Page 30



internally illuminated translucent sole section

internally illuminated translucent upper



80.    The Accused Products further comprise the illumination system being permanently encapsulated internally within the translucent sole section.  By way of example only, the Accused Product depicted below comprises the illumination system being permanently encapsulated internally within the translucent sole section.

illumination system



81.     On information and belief, DSW knew or should have known of Firebug's '299 patent.

82.     On information and belief, DSW acts of infringement of Firebug's '299 patent have been egregious, willful and/or intentional.

83.     Firebug has suffered and is suffering damages as a result of DSW's willful and wrongful acts in an amount yet to be determined.  DSW is liable to Firebug in an amount that adequately compensates Firebug for DSW's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

84.     As a consequence of the infringement complained of herein, Firebug has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless DSW is enjoined by this Court from committing further acts of infringement.

### PRAYER FOR RELIEF

WHEREFORE, Firebug prays for entry of judgment that:

A.     DSW has infringed the '561, '965 and the '299 patents;

B.     DSW account for and pay to Firebug all damages caused by its infringement of the

'561, '965 and the '299 patents in accordance with 35 U.S.C. § 284;

    **C.**     DSW's infringement has been egregious, wanton and willful, and award Firebug treble damages pursuant to 35 U.S.C. § 284;

    **D.**     This is an exceptional case based on DSW's actions, and award Firebug its reasonable attorneys' fees under 35 U.S.C. § 285;

    **E.**     Firebug be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining and its respective officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

    **F.**     Firebug be granted pre-judgment and post-judgment interest on the damages caused to it by reason of DSW's patent infringement complained of herein;

    **G.**     Costs be awarded to Firebug; and,

    **H.**     Firebug be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Firebug demands trial by jury on all claims and issues so triable pursuant to Federal Rule of Civil Procedure 38.

                   Respectfully submitted,

Dated:  November 16, 2021     By:   /s/ John T. Polasek
                             John T. Polasek
                             Texas Bar. No. 16088590
                             ted@polaseklaw.com
                             The Polasek Law Firm, PLLC
                             6750 West Loop South, Suite 920
                             Bellaire, Texas 77401
                             Telephone: (832) 485-3580

                             ATTORNEY FOR PLAINTIFF